Charles DU SHANE, Plaintiff-Appellant,

v.

James B. CONLISK et al.,
Defendants-Appellees.

No. 77–1710.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 23, 1978.

Decided March 21, 1978.*

* This appeal was originally decided by unreported order on March 21, 1978. See Circuit Rule

35. The court has subsequently decided to issue the decision as an opinion.

Tone, Circuit Judge, dissented with opinion.

Kenneth R. Flaxman, Chicago, Ill., for plaintiff-appellant.

Philip L. Bronstein, Asst. Corp. Counsel, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, and SPRECHER and TONE, Circuit Judges.

SPRECHER, Circuit Judge.

The issue presented in this appeal is whether the district court properly concluded that it did not have jurisdiction over a party necessary for the granting of complete relief to plaintiff and therefore that it must dismiss the petition for relief.

I

Plaintiff is a Chicago police officer who was suspended after invoking his privilege against self-incrimination by refusing to answer questions before a grand jury. This suspension was declared illegal and the defendants were ordered by the district court "to reinstate plaintiffs to their jobs with the same rank, seniority and other conditions of employment as at the time of suspension or discharge" (Memorandum Opinion of June 7, 1973, p. 7). This decision was affirmed in *Confederation of Police v. Conlisk,* 489 F.2d 891 (7th Cir. 1973), *cert. denied,* 416 U.S. 956, 94 S.Ct. 1971, 40 L.Ed.2d 307 (1974). Plaintiff was reinstated as a police officer in December, 1973.

Plaintiff subsequently claimed in the district court that he has not been restored to promotional opportunities lost because of the unlawful suspension and that these opportunities included a promotion to the rank of sergeant from a 1971 Sergeant's promotional list. Defendants responded that they were without power to promote plaintiff because the Civil Service Commission is responsible for the preparation of promotional lists. The district court read plaintiff's petition broadly as a motion seeking implementation and concluded that the Civil Service Commission was a necessary party to the action, that the Commission could not be made a party, that the injunction could not be enforced against the Commission and that plaintiff should seek relief by way of a new and complete action before the state courts (Proceedings of April 29, 1977, and May 26, 1977). Plaintiff appeals from this order.

II

The original action by plaintiff merely challenged his suspension and sought reinstatement and other relief which, at that time, might have been provided by defendants since, once a promotion list is posted by

the Commission, they can promote eligible persons from that list. *See* Ill.Rev.Stat. ch. 24, §§ 10–1–12, 10–1–13. The problem in the present case, however, seems to be that the 1971 Sergeant's promotional list was superseded by a 1973 list upon which plaintiff's name did not appear. Thus, the district court felt that the Civil Service Commission's involvement was necessary in order to determine the propriety of plaintiff's claims to promotion. Assuming then that the Civil Service Commission is a necessary party in effecting the decree of the district court, the issue is whether the Commission could be brought in after judgment for this purpose.

This situation as presented to the district court seems to have been contemplated in the enactment of Rule 21 of the Federal Rules of Civil Procedure, which provides in part:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Under this rule, it has been held that a party can be added *sua sponte* by the court after judgment for remedial purposes. *Reichenberg v. Nelson,* 310 F.Supp. 248 (D.Neb. 1970). Indeed, the Supreme Court added parties under Rule 21 on appeal in *Mullaney v. Anderson,* 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952). The Court's statement there is particularly appropriate to the present case:

> The addition of these two parties . . . can in no wise embarrass the defendant. Nor would their earlier joinder have in any way affected the course of the litigation. To dismiss the present petition and require . . . plaintiffs to start over in the [state court] would entail needless waste and runs counter to effective judicial administration . . . .

342 U.S. at 417, 72 S.Ct. at 430.

The district court thus had the requisite power to bring the Civil Service Commission into the present action for purposes of granting complete relief to plaintiff. Any supplemental relief that is required by the district court may be enforced against the Commission under the Supreme Court's recent decision in *United States v. New York Telephone Co.,* 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (December 7, 1977). The question presented there involved the scope of the All Writs Act, 28 U.S.C. § 1651(a) and the Court declared:

> The power conferred by the Act extends, under appropriate circumstances, to persons who though not parties to the original action or engaged in wrong doing are in a position to frustrate the implementation of a court order or the proper administration of justice, . . . and encompasses even those who have not taken any affirmative action to hinder justice.

434 U.S. at 174, 98 S.Ct. at 373.

Assuming that further relief is appropriate in the instant case, the Civil Service Commission falls squarely into the category therein described by the Supreme Court.

Although we hold that the Commission should be made a party under Rule 21 and although a decree by the district court may be enforced against the Commission, it is not clear at this stage of the proceedings whether plaintiff is entitled to further relief. In particular, the record before us does not unequivocally indicate whether plaintiff would have been promoted but for his unlawful suspension. Nor do we know when the 1971 list was cancelled or whether plaintiff should have been promoted prior to cancellation but after his reinstatement. The Civil Service Commission's participation in and liability for the violation of plaintiff's rights is also uncertain at this point. *See generally Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Finally, it is unclear whether plaintiff should be required to take some form of qualifying examination before being considered for promotion. These are all questions of implementation of the remedy originally granted to the plaintiff by the district court and must be addressed initially by that court.

Therefore, for the reasons discussed herein, the district court's decision that plaintiff's petition must be dismissed is reversed and the cause is remanded for further proceedings consistent with this order.

REVERSED AND REMANDED.

TONE, Circuit Judge, dissenting.

Although I agree that the Civil Service Commission can be added as a party, not for the purpose of contempt proceedings based on past conduct but for purposes of proceedings to implement the decree, I would affirm on a ground not mentioned by the District Court. Plaintiff apparently has not relied on the 1971 list. If he had, he would have been entitled to relief in 1973 when, after affirmance by this court, the case was returned to the District Court for the granting of appropriate relief. Plaintiff filed, on December 26, 1973, a motion to enforce the District Court's injunctive order of June 7, 1973. In that motion he mentioned only reinstatement and back pay. Subsequently, he was reinstated and recovered back pay. His motion was never ruled upon and after many continuances was ultimately withdrawn without plaintiff ever having raised his entitlement to promotion under the 1971 list. He should be foreclosed from now asserting a right to promotion under that list.

Plaintiff should therefore be limited to reliance on the 1973 list. But he admittedly failed to apply to take the examination on which that list is based, and did not ask in 1973 for temporary relief in the form of an order allowing him to take the examination, with any action based on the results to be withheld pending a decision on the merits. He therefore, in my opinion, is estopped from seeking promotion now. He cannot show that if he had taken the examination he would have earned a sufficiently high grade to be promoted when promotions from that list were made.

It seems to me to be too late now for plaintiff to place himself on the promotion list by taking a qualifying examination. Such examinations are competitive under Illinois law. Ill.Rev.Stat. ch. 24, § 10–1–12 (1975). The results of a new examination would not show how plaintiff's score on the 1973 examination, if he had taken it, would have compared with the scores of others who took the 1973 test; nor would they show how plaintiff's score on the new test would compare with the scores of others, if others were to take the same test.

In my opinion, plaintiff is barred by laches from seeking additional relief.