**Gardner F. GOODWYN, Jr., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**Nos. 91–1575L, 92–120L.**

United States Court of Federal Claims.

July 26, 1995.

---

Broox G. Holmes, Mobile, AL, for plaintiffs; Broox G. Holmes, Jr. and Conrad P. Armbrecht, II, of counsel.

Stuart B. Schoenburg, Washington, DC, for defendant; Jules Ashford Kettler, Jr., Army Corps of Engineers, of counsel.

## ORDER SUBSTITUTING PARTY PLAINTIFF

BRUGGINK, Judge.

Final judgment in this proceeding was entered in favor of the twenty-four named plaintiffs on April 17, 1995. The court found that certain actions of the defendant, acting through the United States Army Corps of Engineers, had resulted in a taking without compensation of the plaintiffs' jointly-held real property. Defendant appealed on June 14, 1995. The case is currently before this court on plaintiffs' motion pursuant to RCFC 15 and 21, and on defendant's motion to amend the judgment pursuant to RCFC 60(b)(4). At the time the complaint was filed in Docket No. 90–120L, one of the named plaintiffs was deceased. Plaintiffs' motion seeks to substitute this individual's widow as a named plaintiff. Defendant's motion urges a reduction in the amount of the judgment to reflect dropping the named deceased plaintiff from the complaint. After considering the parties' written and oral arguments, the plaintiffs' motion is granted and defendant's motion is denied.

The relevant background facts are set out in the opinion of December 15, 1994, *Goodwyn v. United States,* 32 Fed.Cl. 409 (1994). Barnes Flournoy Lovelace, one of the named plaintiffs, was alive as of November 1986, the date alleged in the complaint as the time of taking. He owned an undivided 1.704120% interest in Tract 301. Mr. Lovelace died on December 13, 1986. Mr. Lovelace's will was admitted into probate and certified on January 5, 1987, pursuant to Alabama law. *See* Ala.Code § 43–8–170 (1975). Copies of the probate and recordation of the will appear facially valid. Under the will, "all real estate in which [Mr. Lovelace had] any undivided interest" was to be left to his wife, Barbara B. Lovelace. As of March 31, 1987, the date fixed by the court as the date of the taking, Ms. Lovelace was, under Alabama law, the successor-in-interest to Mr. Lovelace's undivided interest in Tract 301. Ms. Lovelace subsequently remarried and took the name McFerrin. With respect to the fractional share at issue, Ms. McFerrin was the real party in interest.

The interest in Tract 301 owned by Mr. Lovelace, and now by Ms. McFerrin, is part of a group of individual interests which are managed by Hooper W. Matthews, Jr. This group consists of seventeen owners and four

trusts which own approximately 24.48% of Tract 301. Mr. Matthews obtained the consent of these interests to participate in this action. In response to a request from counsel for the names of the owners of Tract 301 as of the date of the alleged taking, November 1986, and as of the date of filing, February 1992, Mr. Matthews furnished the names listed in the complaint. Mr. Lovelace's name was inadvertently provided as both a current owner as well as an owner in November 1986.

Plaintiffs' counsel did not discover that Mr. Lovelace had died until March 31, 1995. On June 1, 1995, plaintiffs filed the current motion seeking to drop Barnes Flournoy Lovelace as a party plaintiff and to add Barbara B. Lovelace McFerrin as a party plaintiff pursuant to RCFC 15 and 21.

Defendant responds to plaintiffs' motion with a motion pursuant to RCFC 60(b)(4), urging the court to void the judgment with respect to Mr. Lovelace and proportionately reduce the overall judgment to reflect the fact that Mr. Lovelace's interest was not properly litigated.

Defendant urges a cat's cradle of interrelated arguments concerning what it professes to be "new and substantial questions and difficulties." Mr. Lovelace was dead at the time the complaint was filed, therefore he had no standing. He also had no standing because his counsel did not have the prescience to anticipate that the court would disagree with the asserted date of taking. His widow cannot be properly substituted under RCFC 25, because that rule presumes the party to be dropped was properly included in the suit and that his claim was not extinguished by death. Defendant argues that neither condition is met here. Ms. McFerrin has no standing in her own right, according to defendant, because, although she was the owner at the date of both the complaint and the taking, the six year limitations period has run and her substitution would be untimely. Because neither Mr. Lovelace nor Ms. McFerrin are proper parties, defendant reasons that it is entitled to a deed to less than all the property.

## DISCUSSION

Plaintiffs correctly analyze the question as whether the court can add Ms. McFerrin and drop Mr. Lovelace as parties plaintiff under RCFC 21 and whether Ms. McFerrin's claim would relate back to the original complaint under RCFC 15. Defendant's analysis unduly complicates a straight-forward problem, and it does so in a way that would, in the court's view, jeopardize the Government's best interests.

RCFC 21 states, in relevant part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *See Data Gen. Corp. v. Grumman Systems Support Corp.*, 825 F.Supp. 340, 344 (D.Mass.1993) (using the analogous Federal Rule); *cf.* Fed. R.Civ.P. 21. Broad discretion is afforded the trial court under RCFC 21. 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 1688 (1986) (discussing the analogous Federal Rule). The Supreme Court has stated that, so long as the joinder of parties plaintiff would not prejudice the defendant or alter the course of the litigation in any way, addition of parties may be appropriate, even after appeal. *Mullaney v. Anderson*, 342 U.S. 415, 417, 72 S.Ct. 428, 430, 96 L.Ed. 458 (1952); *accord Du Shane v. Conlisk*, 583 F.2d 965, 967 (7th Cir.1978). The court finds that dropping Mr. Lovelace and substituting Ms. McFerrin would not affect the course of the litigation and that doing so would be just.

As defendant points out, however, adding Ms. McFerrin as a new party would be ineffectual unless the claim related back to the filing of the original complaint. RCFC 15(c) permits such a change in party to relate back if the "claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." The advisory committee notes to Rule 15 suggest that although the rule does not specifically deal with the limitations problem in the context of changing a named plaintiff, the relevant considerations are the same as those expressed in the rule with respect to designating a new defendant, namely, whether there was notice within the

limitations period and whether there will be prejudice.

 In this case, there can be no question that both considerations militate in favor of substitution and relation back. Although the party names were inaccurate, the interest litigated included the undivided 1.704120% interest in Tract 301 that Ms. McFerrin inherited. In oral argument, defendant conceded that, had Ms. McFerrin been allowed to enter earlier in the proceeding, there would have been no change in the conduct of the litigation. Consequently, no new issues are presented as a result of substitution. Defendant cannot claim surprise or prejudice.

The court notes, moreover, that it is to both sides' advantage to have the issue of ownership uniformly resolved. As became apparent during trial, the Corps of Engineers wanted the continuing right to use the dike as a means to place spoil on the property. It had seriously considered buying the land. The parties were unable to agree on price. Now that plaintiffs have concluded (at least at trial) a successful taking suit, they have forced a sale of property, with the court fixing the price. Treating Ms. McFerrin's interest separately would have the effect of clouding the Government's title and preventing a comprehensive transfer.

## CONCLUSION

Plaintiffs' motion to drop Barnes F. Lovelace as a party and substitute for him his widow, Barbara B. Lovelace McFerrin, is granted. The amendment relates back to the filing of the original complaint and thus poses no limitations problem. Defendant's motion for relief from final judgment is denied. The Clerk is directed to amend the judgment accordingly.